## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BRIAN EDWARD MAHONEY,
          Plaintiff,

          v.                                    CIVIL ACTION NO. 15-13023-NMG

ACTING COMMISSIONER CAROLYN W. COLVIN,
                    Defendant.


### MEMORANDUM AND ORDER

**GORTON, J.**

### Introduction

On July 30, 2015, plaintiff Brian Edward Mahoney ("Mahoney"), a civil detainee at FMC Devens in Ayer, Massachusetts, filed a self-prepared civil complaint, with exhibits, against Carolyn W. Colvin, the Acting Commission of the Social Security Administration ("SSA").  He asserts jurisdiction of the Court pursuant to 42 U.S.C. § 405(g).[1]  While Mahoney lists the Commissioner as the defendant in the caption of the complaint, he states in the body of the complaint that the "First Respondent" is the SSA in Baltimore, Maryland, and the "Second Defendant" is the SSA Lowell Office in Lowell, Massachusetts.  Compl. (Docket No. 1 at ¶¶ 3-4.

The complaint is not entirely intelligible or organized.  From what can be gleaned, he contests both the denial of SSDI benefits and the SSA's attempts to recover alleged overpayment of benefits.  Specifically, Mahoney alleges that about 15 of his Social Security Disability checks payable from May, 2008 until August, 2009 were stopped by Assistant District Manager Robert White ("White"), of the SSA Office in Portsmouth, New Hampshire.  White stopped his checks

---

[1]Mahoney also asserts jurisdiction pursuant to 28 U.S.C. § 1291 (final decisions of district courts) and 42 U.S.C. § 1383(c)(3) (excluding from SSA accountability monitoring in cases where the individual who is entitled to payment is a resident of a federal institution and the payee is the institution).

on the ground that Mahoney was convicted on a misdemeanor charge. Mahoney denies that he was convicted of a misdemeanor, and contends that the Massachusetts Appeals Court had vacated several of his alleged wrongful convictions in 2008 and 2009. After his release from custody in 2009, Mahoney went to the SSA Office in New Hampshire to meet with White but his request for reimbursement was denied, even after Mahoney provided him a certificate of discharge from the Massachusetts Appeals Court. Thereafter, in 2010, Mahoney filed a claim against White alleging that White had committed fraud. Mahoney further claims that White again has stopped his SSDI benefit check in October, 2012 in retaliation for his filing a fraud claim.

Next, Mahoney claims that White lacked authority to stop his benefits check because he had been transferred from the Keene House of Correction in New Hampshire to FMC Devens in Massachusetts, and therefore was no longer under White's jurisdiction. Further, he contests White's refusal to authorize benefits because Mahoney had been committed pursuant to 18 U.S.C. § 4246 (hospitalization of a person due for release but suffering from mental disease or defect). Mahoney asserts that he is <u>not</u> committed pursuant to that statute, but is committed to FMC Devens for a determination as to his "dangerousness" to the community, pursuant to 18 U.S.C. § 4241 (determination of mental competency to stand trial to undergo post-release proceedings).[2] Thus, Mahoney claims that, since he is not convicted of any criminal offense, and

---

[2]Mahoney alleges that no determination of dangerousness has been made by Chief Judge Saris in connection with <u>United States</u> v. <u>Mahoney</u>, Civil Action No. 13-11530-PBS (petition for certification of dangerousness due to mental disease or defect). A review of the Court's CM/ECF docket indicates, however, that on November 4, 2014, Chief Judge Saris concluded that Mahone suffered a mental disease or defect such that release from custody would create a substantial risk of bodily injury to another person. See Order of Commitment Pursuant to 18 U.S.C. § 4246 (Docket No. 132). On April 23, 2015, the United States Court of Appeals for the First Circuit issued a Judgment (Docket No. 152) dismissing Mahoney's appeal because it was duplicative of another appeal, No. 14-2243. <u>See</u> <u>United States v. Mahoney</u>, No. 14-2307 (1st Cir. 2015); Mandate (Docket No. 161) entered June 16, 2015. Mahoney's Motion for Discharge pursuant to 18 U.S.C. § 4247(h) was denied on June 22, 2015 as premature. <u>See</u> Endorsed Order (Docket No. 163). On July 6, 2015, Mahoney filed a Motion for Chief Judge Saris to recuse herself (Docket No. 165).

since he is not committed pursuant to 18 U.S.C. § 4246, he is only on pretrial detention and thus entitled to SSDI benefits notwithstanding that he is housed in a federal institution.  In this case, Mahoney challenges the refusal to give him social security benefits as a convicted prisoner. Mahoney claims that he is a "civil committee" and not a prisoner and is therefore entitled to benefits.  He also seeks a waiver of an alleged overpayment owed.

With respect to the Lowell SSA Office, Mahoney claims that on January 24, 2014, he sought expedited reinstatement of his SSDI benefits.  That request was denied by Mrs. M. Katsirebas.  She later told Mahoney that he would not receive any reinstatement because of a criminal conviction.  Mahoney claims that her statement was false because his federal indictment was dismissed in March, 2014, and his SSDI checks were stopped eight (8) months after the dismissal.

Finally, Mahoney contests the SSA's position that he is responsible for overpayment in the amount of $36,118.60 for benefits paid to him from 1995 to 2011.  He again alleges this claim for overpayment was the result of retaliation by White due to Mahoney's fraud claim.

As relief, Mahoney seeks $1,000.00 against White for his negligence, as well as a reversal of White's adverse decision denying him benefits, reimbursement of back benefits and vacation/waiver of any amount of overpayment.  He claims he is entitled to a waiver because he was without fault in causing any overpayment and that equity and good conscience mandates a waiver.  He also seeks four years of cost of living wages, and interest.

Accompanying the complaint, Mahoney filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

On September 2, 2015, Mahoney filed a Motion to Compel (Docket No. 7).

## Discussion

I.     The Motion for Leave to Proceed *In Forma Pauperis*

Mahoney's Motion for Leave to Proceed *in forma pauperis* contains an incorporated

"Motion for an Administrative Law Judge to Review the Determination of the Commissioner of Social Security," because: (1) SSA employees falsely stated that he was convicted of a criminal offense that resulted in imprisonment; (2) they falsely stated he was committed to FMC Devens pursuant to 18 U.S.C. § 4246; and (3) they erroneously stated that Mahoney was responsible for $70,987.00 in overpayment.

In his attached financial affidavit, Mahoney avers he has no income or assets of any kind. In light of these disclosures, he has demonstrated sufficiently that he lacks funds to pay this Court's filing fee.  Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) will be <u>GRANTED</u>.  No action shall be taken on his incorporated motion for review by an administrative law judge pending further Order of the Court.

II.      <u>Screening of the Complaint</u>

Because Mahoney is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2).

Even under a liberal construction, however, there are a number of legal impediments to this action, as set forth below.

III.     <u>Sovereign Immunity Bars Claims Against the SSA in Baltimore, Maryland and the SSA Lowell Office in Lowell, Massachusetts</u>

As noted above, in addition to the Commissioner, Mahoney names as defendants in the body of the complaint both the SSA in Baltimore and the SSA in Lowell.  Additionally, while not identified as a defendant, Mahoney seeks monetary damages based on his negligence.

The only proper defendant in a case seeking judicial review of a final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) is the Commissioner and not the SSA itself. Further, Mahoney may not recover damages against either the SSA or the SSA Office in Lowell

(a branch of the Social Security Administration, a federal agency) because these defendants are entitled to sovereign immunity.

It is well-settled that under the doctrine of sovereign immunity, the United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994);  United States v. Testan, 424 U.S. 392, 399 (1976).   A waiver of this immunity may never be implied from the factual circumstances of the particular case.  Rather, the waiver must be unequivocally expressed in each instance.  See United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992);  United States v. Mitchell, 445 U.S. 535, 538, (1980).  Here, nothing is presented that would show the United States has waived its sovereign immunity.  Thus, Mahoney's claims for damages separate from SSDI benefits (such as lost wages, interest, monies for negligence) are barred.

IV.   Failure to State Plausible Claims Against the SSA, the SSA Lowell Office, or Against Employees of the SSA For Claims Based on Social Security Benefits Decisions

Next, to the extent that Mahoney asserts constitutional violations or tort violations such as negligence or fraud, such claims are not plausible given the statutory scheme for administration of Social Security benefits.  First, there is no Bivens[3] liability with respect to matters involving the denial of Social Security benefits.  Rather, Congress's statutory scheme providing a remedy for alleged federal wrongs in this area is the exclusive means available to Mahoney with respect to his claim for back disability benefits.

In addressing the question whether federal actors may be sued under Bivens in the context of challenges to an agency decision denying benefits:

"[t]he Supreme Court has instructed us that a Bivens action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal

---

[3] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  "The Bivens doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities."  DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008).

wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies."  Adams v. Johnson, 355 F.3d 1179, 11-83-84 (9th Cir. 2004) (citing Schweiker v. Chilicky, 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ("When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies.")); see also Hooker v. U.S. Dept. of Health and Human Services, 858 F.2d 525, (9th Cir.1988) (42 U.S.C. § 405(h) bars state law tort claim under Federal Tort Claims Act.).

Deuschel v. Barnhart, 2004 WL 5542429 at *5 (E.D. Cal. 2004); see Fowler v. Social Security Administration, 2012 WL 4829422 (D. Mass. 2012); Rivera v. Astrue, 2011 WL 241981, *3 (D. Mass. 2011).  Second, given the exclusivity of the remedies set forth in the Social Security Act, any tort claims challenging an agency decision also would be barred.  See 42 U.S.C. § 405(h) (providing for finality of the Commissioner's decision, and further providing, *inter alia*, that: "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.").

In light of the all of the above, all claims against the SSA in Maryland, the SSA Lowell Office, White, and/ or any other SSA employee based on social security benefits decisions shall be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and (iii).

V.      Order for Issuance of a Summons and Service By the United States Marshal Service

It is unclear from Mahoney's complaint whether he has exhausted his administrative remedies with the SSA and received a final agency decision with respect to the denial of benefits and recovery of overpayment and whether he has filed this action in a timely manner. Nevertheless, because he has alleged he is bringing this action pursuant to 42 U.S.C. § 405(g) this Court will permit this case to proceed at this time, against Acting Commissioner Colvin only.  The defendant's response may address the issues of exhaustion and timeliness if appropriate.  Further, since Mahoney is proceeding *in forma pauperis*, he may elect to have service of process effected by the United States Marshal Service and advance the costs of service, as directed below.

6

VI.    The Motion to Compel

In his Motion to Compel, Mahoney seeks an Order from this Court compelling the defendant to provide him a list of attorneys in the Boston area who could represent him in this action.  He submits that he has a constitutional right to counsel, and further, that section 406(a)(2)(A)(i)(ii) and (iii) of Title 42 (Recognition of representatives; fees for representation before Commissioner) provides for a fee agreement between the claimant and another person not to exceed the lesser of 25% of the total amount of such past-due SSDI benefits, or $4,000.00, if the claimant receives a favorable determination.[4]  He also seeks to have this Court provide him a list of attorneys for his consideration to hire counsel, since he does not want to appear *pro se.*

To the extent that Mahoney seeks an Order compelling action by the defendant for information regarding attorneys available to represent him, the Motion to Compel will be DENIED without prejudice as premature in view of this Memorandum and Order, the fact that no response has been filed by defendant Colvin, and Mahoney has not demonstrated that he made a proper request to the defendant for such information before filing his motion in this Court.

Next, to the extent that Mahoney seeks appointment of *pro bono* counsel by this Court because he does not wish to proceed *pro se*, he has not demonstrated sufficiently that the use of scarce judicial resources is warranted at this time.  Under 28 U.S.C. §1915, a "court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. §1915(e)(1).  The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under §1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per*

---

[4]That provision does not create an entitlement to counsel; it simply provides for approval by the Commissioner with respect to any agreement for fees

*curiam*); see also Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988).

Ultimately, to be eligible for this assistance under 28 U.S.C. §1915, a plaintiff "must demonstrate that he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. The decision to appoint counsel is discretionary, and a plaintiff does not have a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996) cert. denied, 519 U.S. 894 (1996). See Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003).

At this stage, without a response from the defendant, this Court cannot adequately gauge the merits of Mahoney's claims. Accordingly, the Motion to Compel (for this Court to appoint counsel) (Docket No. 7) will be DENIED without prejudice.

## Conclusion

Based on the foregoing, it is hereby Ordered that:

1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is GRANTED;

2.    All claims against the Social Security Administration (Maryland), the Social Security, Administration Lowell Office (Massachusetts), Assistant District Manager Robert White, and any other employee of the Social Security Administration are DISMISSED;

3.    The only defendant in this action pursuant to 42 U.S.C. § 405(g) is Acting Commissioner Colvin;

4.    The Clerk shall issue a summons as to Acting Commissioner Colvin;

5.    The Clerk shall send the summons, a copy of the complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendant in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summons(es), complaint, and this Memorandum and Order upon the defendant(s), in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

6.    Plaintiff's Motion to Compel (Docket No. 7) seeking an Order to the defendant to

provide a list of attorneys to represent him is <u>DENIED</u>.

7.     Plaintiff's request for appointment of counsel (contained in the Motion to Compel) is <u>DENIED</u>.


SO ORDERED.



                                        <u>/s/ Nathaniel M. Gorton</u>
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: September 23, 2015