**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BRIAN EDWARD MAHONEY,
    Plaintiff,

    v.                                                                  CIVIL ACTION NO. 15-13023-NMG

ACTING COMMISSIONER CAROLYN W. COLVIN,
    Defendant.

**MEMORANDUM AND ORDER**
**ON RENEWED MOTION TO APPOINT COUNSEL**

**GORTON, J.**

**I.     BACKGROUND**

On September 24, 2015, this Court issued a Memorandum and Order (Docket No. 8) dismissing certain claims asserted by the plaintiff and construing this action as one made pursuant to 42 U.S.C. § 405(g), for judicial review of an adverse benefits decision of the Commissioner of Social Security and review of the Social Security Administration's attempt to recover overpayment.  In the Memorandum and Order, this Court noted that it was unclear whether plaintiff had exhausted his administrative remedies and timely filed this action, but indicated that the case would be permitted to proceed and the defendant's response may address these issues if appropriate.  Additionally, this Court considered plaintiff's request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) but concluded appointment was not warranted at that time.  Nevertheless, the clerk was directed to send plaintiff this Court's List of Legal Service Providers in the event plaintiff wished to make efforts on his own to obtain legal advice or assistance at no cost or low cost.  A summons issued on September 24, 2015, but no return of service has been filed to date.

On November 3, 2011, this Court entered an Electronic Order (Docket No. 11) denying plaintiff's request for a list of *pro bono* attorneys that he may retain in the event he was unable to secure his chosen attorney.  Thereafter, on December 28, 2015, plaintiff filed a renewed Motion to Appoint Counsel (Docket No. 12).

In the renewed motion, plaintiff alleges that he is a civilly-committed detainee held in the

Special Housing Unit at FMC Devens.  He suffers from a mental disease or defect (such that release from custody would create a substantial risk of bodily injury to another person).  He also alleges that he has limited law library access and therefore has difficulties in preparing and presenting this case.  He has made five attempts to obtain legal counsel but has been unsuccessful.

## II.     DISCUSSION

First, to the extent that plaintiff relies on the Criminal Justice Act, 18 U.S.C. § 3006A, to support his request for counsel, that statute is applicable to criminal and habeas matters and is not applicable to civil actions such as this one.

Second, plaintiff's allegation of lack of law library access and the attendant difficulty in prosecuting this action are insufficient to show that exceptional circumstances exist warranting appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1).  The lack of library access in the context of this case does not amount to a denial of access to the courts.  Moreover, plaintiff's allegation that he will have difficulties presenting his case does not meet the "actual injury" requirement set forth by the Supreme Court in Lewis v. Casey, 518 U.S. 343, 349 (1996).  "Actual injury" derives from the doctrine of standing and requires a prisoner to demonstrate that any alleged shortcomings in a legal library or assistance program hindered his efforts to pursue a legal claim involving direct or collateral attacks on sentences or challenges to conditions of confinement.  Id. at 349, 354-355.  Any impairment of any other litigating capacity is an "incidental (and perfectly constitutional) consequence[] of conviction and incarceration." Id. at 355.

Third, plaintiff's argument that appointment of counsel is warranted because of his mental condition is not sufficient to tip the balance here.  Plaintiff's motion demonstrates that he is proficient in the English language, familiar with certain legal terms and concepts and is able to organize his arguments and present them with legal support.  Moreover, the determination that plaintiff suffers a mental disease or defect was made in connection with a dangerousness

evaluation and does not lead this Court to accept automatically that plaintiff's mental condition would substantially interfere with his ability to present his case. Without more, this Court does not find exceptional circumstances have been shown to justify the use of the District Court's scarce *pro bono* resources.

Fifth, plaintiff's argument that he is a prisoner and lacks legal knowledge on the par with counsel for the defendant is not persuasive. This is not a unique situation; indeed, many prisoner litigants are similarly situated and are faced with the problem of litigating against skilled opposing counsel.

Sixth, and perhaps most importantly, the merits of the case are a key factor for a Court to consider in deciding whether to exercise its discretion and appoint *pro bono* counsel for a litigant. Here, this Court cannot adequately gauge the likelihood of success on the merits of plaintiff's claims until the defendant has filed a response to the Complaint. As noted above, issues of exhaustion and timeliness are not clear. Moreover, plaintiff's argument -- that 42 U.S.C. § 402(x)(1) authorizes the suspension of benefits for incarcerated felons but the statute does <u>not</u> apply to civil committees -- also needs to be addressed by the defendant before this Court can decide whether appointment of *pro bono* counsel is warranted.

### III.   CONCLUSION

Based on the foregoing, plaintiff's renewed Motion to Appoint Counsel (Docket No. 12) is <u>DENIED</u> without prejudice to renew after the defendant has been served and has filed a responsive to the Complaint.

SO ORDERED.

                                                                          /s/ Nathaniel M. Gorton  
                                                                          Nathaniel M. Gorton  
                                                                          United States District Judge

Dated: December 30, 2015