UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRIAN EDWARD MAHONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-13023-NMG |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

REPORT AND RECOMMENDATION ON COMMISSIONER'S MOTION
TO DISMISS AND PLAINTIFF'S MOTION FOR ADDITIONAL DAMAGES
[Docket Nos. 35, 39]

November 7, 2016

Boal, M.J.

Plaintiff Brian Edward Mahoney seeks judicial review of a July 2013 reconsideration decision regarding an overpayment of benefits under Title II of the Security Act and an April 2014 reconsideration decision regarding the suspension of his benefits. Defendant Carolyn Colvin, Acting Commissioner of Social Security (the "Commissioner"), has moved to dismiss the action for lack of subject matter jurisdiction. Docket No. 35.[1] In addition, Mahoney has filed a motion "for additional damages requested in his complaint." Docket No. 39.[2] For the following reasons, the Court recommends that the District Judge assigned to this case grant the Commissioner's motion to dismiss and deny Mahoney's motion for additional damages.

---

[1] The District Court referred this motion to the undersigned on May 31, 2016. Docket No. 37.

[2] The District Court referred this motion to the undersigned on June 7, 2016. Docket No. 40.

I.      PROCEDURAL BACKGROUND

On July 30, 2015, Mahoney, a civil detainee[3] at FMC Devens in Ayer, Massachusetts, acting pro se, filed the complaint in this action.  Docket No. 1.  The Complaint appears to bring claims against the Commissioner as well as the Social Security Administration ("SSA") office in Baltimore, Maryland, the SSA office in Lowell, Massachusetts, and Assistant District Manager Robert White of the SSA Office in Portsmouth, New Hampshire.  See generally Docket No. 8.

On September 24, 2015, the District Court dismissed all claims against the SSA office in Baltimore, the SSA Office in Lowell, Assistant Manager Robert White, and any other employee of the SSA.  Docket No. 8.  The Court also held that the Commissioner is the only proper defendant in this action pursuant to 42 U.S.C. § 405(g).  Id. at 8.

On May 27, 2016, the Commissioner filed the instant motion to dismiss.  Docket No. 35.  Mahoney filed an opposition on June 15, 2016.  Docket No. 42.  On July 7, 2016, the Commissioner filed a reply.  Docket No. 49.  On September 30, 2016, in response to this Court's September 16, 2016 order, the government filed a supplemental pleading.  See Docket Nos. 61, 62.  On October 17, 2016, Mahoney filed a response to the Commissioner's filings.  Docket No. 65.

II.     FACTS

Mahoney filed applications for Title II and Title XVI disability benefits in January of 1996 and was determined to be entitled to disability benefits as of November 1995.  Hartt Aff. at

---

[3] On November 4, 2014, upon a finding that Mahoney was "suffering from a mental disease or defect as a result of which his release from the Bureau of Prisons' (BOP) custody would create a substantial risk of bodily injury to another person," the District Court (C.J. Saris) committed Mahoney to the custody of the Attorney General pursuant to 18 U.S.C. 4246(d).  United States v. Mahoney, No. 13-cv-11530-PBS (D. Mass.), at Docket No. 132.  On November 1, 2016, the United States Court of Appeals for the First Circuit affirmed the District Court's judgment of commitment.  United States v. Mahoney, __ F.3d __, 2016 WL 6440375 (1st Cir. 2016).

2.[4]  SSA later determined that Mahoney received an overpayment of benefits.  Id.  Mahoney apparently sought reconsideration, which resulted in the SSA sending Mahoney a notice of reconsideration on July 1, 2013 related to the overpayment.  Id.  and Ex. 1.  The SSA has no record of Mahoney requesting a hearing before an Administrative Law Judge ("ALJ") with respect to the issue of overpayment.  Id. at 3.

Mahoney's benefits were also suspended as a result of an arrest and subsequent confinement to a mental health facility.  Id.  Mahoney apparently sought reconsideration, which resulted in the SSA sending Mahoney a notice of reconsideration on April 20, 2014 regarding the suspension of benefits.  Id. and Ex. 2.  Among other things, the notice of reconsideration advised Mahoney that he had 60 days to ask for a hearing before an ALJ.  Ex. 2 to Hartt Aff.  It also stated that Mahoney must ask for a hearing in writing and fill out a form HA-501, called "Request for Hearing."  Id.  The SSA maintains that there is no indication that Mahoney requested a hearing before an ALJ with respect to the issue of the suspension of benefits.  Hartt Aff. at 3.

In response to the Commissioner's motion, Mahoney submitted a copy of a letter dated September 16, 2013 and addressed to Social Security Administration, Suite 300, 151 Warren Street, Lowell, Massachusetts 01852.  Docket No. 42-1 at 2.  Most of the letter is obscured by certified mail receipts.  The last paragraph states, in part:

> . . . I am appealing this matter, because I am being held and incarcerated unconstitutional, I cannot not even go to an Administrated Law Judge because of my incarceration at this time, but I am sending this letter by certified mail letting SSA know that I have preserved my Legal Right to go to an Administrated Law Judge in this matter of an erroneous overpayment with "Exhibits".

---

[4] "Hart Aff." refers to the Declaration of Kathie Hartt, Chief of Court Case Preparation and Review Branch 2 for the Social Security Administration.  Docket No. 36-1.

Id.  The certified mail return receipt was signed on September 19, 2013.  Id.

In this case, Mahoney submitted a copy of a letter dated May 5, 2014, addressed to Mrs.

Katsirebas, Social Security Administration – Lowell Division, Lowell Social Security Office,

151 Warren Street, Suite 300, Lowell, Massachusetts 01852.  Docket No. 42-1 at 3.  That letter

states:

> I, am writing to you to inform you that I wish to appeal this April
> 20, 2014 decision to an administrative Law Judge, because your decision is
> completely erroneous.  I am not at all committed, I am very much still on
> pretrial detention, and there is a hearing to Civilly commit me in front of
> the Honorable Chief Judge Patti B. Saris on June 04, 2014 at the Federal
> United States Courthouse for the District of Massachusetts, on the 7th floor
> in Courtroom 19.
>
> I am also enclosing Legal Documents that I filed Pro Se with this
> Court, because everyone is trying to say that I am incompetent, and I want
> these legal documents to be part of the record at the Social Security Office
> in Lowell, 151 Warren Street, Suite 300, Lowell, Massachusetts.  Since this
> case will be in the Federal Court of Boston regarding an Aministrative Law
> Judge who will determine all of my evidence in this file.
>
> I would like to thank you in advance, and I cannot wait to be heard
> in front of the Administrative Law Judge, and this is my letter of
> disagreement on your erroneous decision regarding my claim.

Docket No. 42-1 at 3.

III.   ANALYSIS

A.   Standard Of Review

Federal courts are courts of limited jurisdiction.  Destek Group, Inc. v. State of New

Hampshire Pub. Util. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003).  The party claiming that there is

jurisdiction carries the burden of showing that the court has jurisdiction.  Murphy v. United

States, 45 F.3d 520, 522 (1st Cir. 1995).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), "the district court

must construe the complaint liberally, treating all well-pleaded facts as true and indulging all

reasonable inferences in favor of the plaintiff."  Aversa v. United States, 99 F.3d 1200, 1210 (1st

Cir. 1996).  Under Rule 12(b)(1), the Court is not restricted to the pleadings but may consider

extra-pleading materials such as affidavits and testimony to resolve factual disputes concerning

the existence of jurisdiction.  Id.

  B.  The Court Lacks Jurisdiction

  Title 42, United States Code, Section 405(g) is the exclusive jurisdictional basis for

judicial review of claims arising under the Social Security Act:

> Any individual, after any final decision of the Commissioner of Social
> Security made after a hearing to which he was a party, irrespective of the
> amount in controversy, may obtain a review of such decision by a civil
> action commenced within sixty days after the mailing to him of notice of
> such decision or within such further time as the Commissioner of Social
> Security may allow.

(emphasis added).  Title 42, United States Code, Section 405(h) further provides:

> The findings and decision of the Commissioner of Social Security after a
> hearing shall be binding upon all individuals who were parties to such
> hearing.  No findings of fact or decision of the Commissioner of Social
> Security shall be reviewed by any person, tribunal, or governmental agency
> except as herein provided.

  Section 405(g) "clearly limits judicial review to a particular type of agency action, a

'final decision of the Secretary made after a hearing.'"  Califano v. Sanders, 430 U.S. 99, 108

(1977).  A "final decision" is defined through agency regulations rather than statutory text.  See

Weinberger v. Salfi, 422 U.S. 749, 766-767 (1975).

  The SSA's regulations set forth a four-step process by which a claimant achieves a final

decision subject to judicial review.  20 C.F.R. § 404.900.  First, an initial determination is made

as to the claimant's eligibility or continued eligibility for benefits.  20 C.F.R. § 404.902.  A

claimant may then request reconsideration in writing within 60 days of his receipt of notice of

the initial determination.  20 C.F.R. § 404.909.  If dissatisfied with the result of the

reconsideration, the claimant may once again appeal within 60 days of the receipt of the decision, this time by requesting a hearing before an ALJ.  20 C.F.R. §§ 404.921(a), 404.929, 404.933.  Within 60 days of an unfavorable decision by an ALJ, the claimant may apply for review by the Appeals Council.  20 C.F.R. §§ 404.955(a), 404.968(a)(1).  Review by the Appeals Council is discretionary, but the claimant must nonetheless petition for review in order to receive a final decision.  See Sims v. Apfel, 530 U.S. 103, 107 (2000).  If the Appeals Council elects to review the claim, its decision will be final.  20 C.F.R. § 404.981.  If the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner, and the case will be ripe for judicial review.  20 C.F.R. §§ 404.981, 404.955(b).

A final decision within the meaning of 42 U.S.C. § 405(b) inures after administrative exhaustion of these levels of review.  Wilson v. Sec'y of Health and Human Servs., 671 F.2d 673, 677 (1st Cir. 1982).  Indeed, the final decision required to invoke jurisdiction under 42 U.S.C. § 405(g) "has been authoritatively interpreted to mean 'that the administrative remedies provided by the Secretary be exhausted.'"  Id. (quoting Mathews v. Eldridge, 424 U.S. 319, 328 (1976)).  It also usually reflects a substantive decision on the benefits claim as opposed to a dismissal of a request for review.  See Doe v. Sec'y of Health and Human Servs., 744 F.2d 3, 4 (1st Cir. 1984).

Here, Mahoney does not dispute that there was never a hearing before an ALJ.  Rather, he argues that he in fact requested hearings before an ALJ but the SSA never held such a hearing.[5]  Docket No. 42 at 1, 7-8, 12.  The Commissioner states that the SSA has no record of

---

[5] Even if the September 16, 2013 letter could be construed as a clear request for a hearing before an ALJ, the request was untimely.  A request for a hearing must be filed within 60 days after the date the claimant receives notice of the previous determination or decision.  20 C.F.R. § 404.933(b).  Here, the reconsideration notice was dated July 1, 2013.  Pursuant to 20 C.F.R. § 404.901, notice of the previous determination is presumed to be five days after the date of such

ever receiving a request for hearing from Mahoney.  Docket No. 36 at 2.  In any event, even arbitrary refusals by the Commissioner to reopen untimely claims supported by good cause are not subject to judicial review under 42 U.S.C. § 405(g).  See Califano v. Sanders, 430 U.S. at 107-108; Matos v. Sec'y of Health, Education and Welfare, 581 F.2d 282, 286 (1st Cir. 1978).  "Under Sanders, the Secretary likewise arbitrarily could refuse to reopen a claim for which 'good cause' to reopen had been presented by the claimant."  Matos, 581 F.2d at 286.  "Such results seem unfair, but '(t)he right to receive social security benefits does not derive from the common law or the United States Constitution.  It came into being by Act of Congress.'"  Id. at 286-287.  Therefore, because no hearing was conducted, no "final decision" has been rendered and this Court lacks jurisdiction.  See Doe v. Sec. of Health and Human Servs., 744 F.2d at 4; see also Stevens v. Astrue, No. 08-18, 2008 WL 4748178, at *2 (W.D. Pa. Oct. 24, 2008).

    The Supreme Court has recognized a limited exception to the bar to judicial review posed by 42 U.S.C. § 405(g) for colorable constitutional claims.  Califano v. Sanders, 430 U.S. at 109; see also Doe, 744 F.2d at 5.  In order for this exception to apply, Mahoney must show "1) that the claim presented to the court raises a constitutional challenge wholly collateral to the substantive claim of entitlement; and 2) that full relief cannot be obtained at a post-deprivation hearing because the claimant will suffer irreparable harm, or be damaged in a way not recompensable through retroactive payments."  Doe v. Bowen, 682 F. Supp. 637, 641 (D. Mass.

---

notice, unless the claimant shows that he did not receive the notice within the five-day period.  Accordingly, in order to be considered timely, Mahoney's request for a hearing should have been filed no later than September 4, 2013.

The May 5, 2014 letter appears to be timely but there is no evidence that it was actually received by the SSA.  In any event, the fact remains that no hearing was held and, therefore, no final decision rendered with respect to Mahoney's claim that his benefits should not have been suspended.

1987) (citing Heckler v. Ringer, 466 U.S. 602, 617-618 (1984); Mathews, Secretary of Health, Education, and Welfare v. Eldridge, 424 U.S. 319, 330-331 (1976)).  Here, however, Mahoney has not sufficiently presented any claims involving the alleged violation of any constitutional right.  Mahoney appears to argue that the SSA violated his due process rights by failing to provide him with a hearing despite his request.  However, as discussed above, the September 16, 2013 letter was untimely and there is no evidence that the SSA received the May 4, 2014 letter requesting a hearing.  In addition, it does not appear that Mahoney's claims are collateral to the substantive claim of entitlement.  The Complaint does not appear to challenge the procedures by which the Commissioner determined whether Mahoney had received an overpayment or whether his benefits should be suspended.  Rather, he appears to challenge the substantive decisions themselves.  Accordingly, Mahoney has failed to show the presence of a constitutional issue providing the Court with jurisdiction over his case.

> C.    Mahoney's Motion For Additional Damages

Mahoney has filed a motion requesting additional damages in the amount of three times his monthly benefits for the next eight years "because of willful negligence by SSA agents."[6]

---

[6] In suspending Mahoney's benefits, the SSA originally cited to the wrong provision, 42 U.S.C. 402(x)(1)(A)(i), which provides that no monthly benefits shall be paid to any individual who "is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense."  Mahoney was not convicted of a criminal offense.  On reconsideration, the SSA cited the correct provision, 42 U.S.C. § 402(x)(1)(A)(ii)(III), which provides that no benefits will be paid to an individual who is "confined by court order in an institution at public expense in connection with a finding that such individual is incompetent to stand trial . . ."  There is no dispute that on June 29, 2012, the U.S. District Court for the District of New Hampshire found that Mahoney was mentally incompetent pursuant to 18 U.S.C. § 4241(d) and he was confined at Devens Federal Medical Center in Ayer, Massachusetts.  See United States v. Mahoney, 717 F.3d 257, 261-262 (1st Cir. 2013).  As noted above, Mahoney was subsequently committed pursuant to 18 U.S.C. § 4246(d).  Title 42, United States Code, Section 402(x)(1)(A)(ii)(IV), provides that no benefits shall be paid to an individual who is "confined by court order in an institution at public expense in connection with a similar verdict

Docket No. 39 at 1.  However, the District Court has previously dismissed all claims against SSA employees, recognizing that any Bivens or tort actions against the SSA or any of its employees are barred.  Docket No. 8 at 5-6.  In addition, this Court has recommended that the District Court dismiss the action for lack of subject matter jurisdiction.  Accordingly, the Court recommends that the District Court deny Mahoney's motion for additional damages.

## IV.   RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this claim grant the Commissioner's motion to dismiss and deny Mahoney's motion for additional damages.

## V.   REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983

---

or finding based on . . . mental disease, a mental defect, or mental incompetence."  42 U.S.C. § 402(x)(1)(A)(ii)(IV).

F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge